**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 20-cv-03764-CMA-KLM

GERALD MAESTAS,

     Plaintiff,

v.

CITY AND COUNTY OF DENVER,

     Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

     This matter is before the Court on Defendant City and County of Denver's Motion for Summary Judgment. (Doc. # 36.) For the following reasons, the Court denies the Motion.

## I.    <u>BACKGROUND</u>

     This is an employment discrimination and retaliation case. Plaintiff, Gerald Maestas, was employed by Defendant as a Senior Accountant in the Denver Police Department beginning in 2006, and he was reclassified as a supervisor in 2016. (Doc. # 1 at ¶ 8; Doc. # 36 at 2.) He alleges that he was subjected to severe harassment by a white female coworker, Stephanie Johnson, on the basis of national origin/race (Spanish/Hispanic), sex, and sexual orientation. (Doc. # 1 at ¶ 16.) Plaintiff alleges that after he reported to his supervisor, Jeannie Springer, that Ms. Johnson had improperly accessed confidential employee salary information, he was placed on leave without pay

and wrongfully accused by white employees of harassment and of creating a hostile work environment. (Doc. # 37 at 1–2.) Defendant, however, asserts that Plaintiff was the perpetrator, and not the victim, of sexual harassment and creating a hostile work environment. (Doc. # 36 at 1.) Defendant contends that after other employees reported improper conduct by Plaintiff, Plaintiff was placed on leave while Human Resources conducted an investigation into the allegations against Plaintiff. (Doc. # 36 at 3.) After an investigation and pre-disciplinary hearing, Plaintiff was terminated on January 24, 2019. (Doc. # 36 at 6–7.)

Plaintiff initiated this lawsuit on December 22, 2020. (Doc. # 1.) He brings claims for (1) national origin discrimination in violation of Title VII; (2) retaliation in violation of Title VII; (3) discrimination and retaliation on the basis of national origin in violation of 42 U.S.C. § 1981; and (4) discrimination and retaliation on the basis of gender and sexual orientation in violation of Title VII. (Doc. # 1.)

Defendant filed the instant Motion for Summary Judgment on January 6, 2022. (Doc. # 36.) Plaintiff filed his Response (Doc. # 37), and Defendant followed with its Reply (Doc. # 38). The matter is now ripe for review.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such

that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in his favor. *Jaramillo v. Adams Cnty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th

Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

### III.   <u>DISCUSSION</u>

Defendant seeks summary judgment on all of Plaintiff's claims. Essentially, Defendant argues that the undisputed facts show that Plaintiff was not the victim of discrimination or retaliation, but rather that Plaintiff created a hostile work environment and was terminated for making inappropriate comments towards his coworkers and subordinates. (Doc. # 36 at 1.) In response, Plaintiff contends that the accusations against him by coworkers and subordinates are without basis and that the facts demonstrate that Plaintiff was subjected to severe harassment on the basis of race and sexual orientation by the same coworker who later accused him. (Doc. # 37 at 1–2.)

Upon consideration of the Motion, the related briefing, and the applicable law, the Court finds that there are significant, genuine disputes of material fact that preclude summary judgment on Plaintiff's claims of discrimination and retaliation under Title VII and 42 U.S.C. § 1981. The parties present entirely different pictures of a workplace rife with sexual harassment and improper conduct, and they heavily dispute the precise nature and context of several incidents. However, the Court must "view the evidence in the light most favorable to the non-moving party." *Allen*, 119 F.3d at 839. Moreover, the Court is "mindful that a ruling which deprives a party of a determination of the facts by a jury 'should be cautiously and sparingly granted.'" *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 560 (10th Cir. 1996) (quoting *Cockrell v. Boise Cascade Corp.*, 781 F.2d 173,

177 (10th Cir. 1986)). The genuine disputes of material fact precluding summary judgment include, but are not limited to:

- whether and to what extent Plaintiff was subject to race and national origin harassment by Ms. Johnson, including her calling him "a Mexican bean counter," emphasizing the word "bean," and telling him "you're still a Mexican" on several occasions after Plaintiff corrected her that he was Spanish, not Mexican;

- whether and to what extent Ms. Johnson called Plaintiff "gay," expressed hostility towards gay men, and used expletives to say she hated gay men;

- whether Ms. Johnson's alleged comments or conduct were unwelcome to Plaintiff, including:

  o Ms. Johnson "would wear provocative leggings, bend over and ask . . . [Plaintiff] to comment on her butt, does she have a nice butt, does she have a cute butt" (Doc. # 37 at 9);

  o Ms. Johnson put her legs on Plaintiff's desk when she was wearing a dress and see-through panties, so Plaintiff saw her vagina, and said "you don't want to look because you're gay" (*id.* at 8);

  o Ms. Johnson put post-it notes or sticky labels on her breasts and pulled her blouse down, asked Plaintiff to look, and told him "you don't want to look or say anything because you're gay" (*id.* at 7–8);

- whether Plaintiff's work conditions were altered by this alleged harassment, including by him leaving the office when Ms. Johnson was present to walk

around the building or go to the bathroom or to his car, or working different hours to avoid Ms. Johnson;

- whether and to what extent Plaintiff attempted to report harassment to his supervisor, Ms. Springer, including in October 2018 when Plaintiff allegedly told Ms. Springer they needed to discuss Ms. Johnson's behavior, and whether Ms. Springer refused to hear or discuss Plaintiff's complaints and walked away;

- whether the alleged harassment was so prevalent and well known in the work environment that Ms. Springer had constructive knowledge of the harassment;

- and whether Defendant's reasons for terminating Plaintiff (that he perpetuated a hostile work environment and made improper comments to coworkers and subordinates) were pretext for terminating Plaintiff for bringing forward his own allegations of national origin and sex related harassment.

Because the facts relating to the alleged harassment and Defendant's justifications for disciplining and terminating Plaintiff are heavily disputed, summary judgment is inappropriate. *See Anderson*, 477 U.S. at 255 (when ruling on a motion for summary judgment, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge").

In addition, Defendant argues that it is entitled to summary judgment as a matter of law on Plaintiff's third claim for relief under 42 U.S.C. § 1981 because Plaintiff, as an at-will employee, cannot demonstrate the existence of a contractual relationship with the city of Denver. (Doc. # 36 at 17.) The Court disagrees. Section 1981 prohibits discrimination on the basis of race in "the making, performance, modification, and

termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981. In *Perry v. Woodward*, 199 F.3d 1126, 1133 (10th Cir. 1999), the Tenth Circuit determined that the district court erred as a matter of law when it dismissed the plaintiff's claims arising under section 1981 because she was an at-will employee. The court observed that "[t]he great weight of well-reasoned authority supports this court's conclusion that the employment-at-will relationship encompasses sufficient contractual rights to support section 1981 claims for wrongful termination." Given this authority and the similar decisions of several other circuit courts, the Court concludes that an at-will employment relationship, such as Plaintiff's employment in the instant case, is encompassed within the prohibition against racial discrimination in 42 U.S.C. § 1981. *See Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1020 (4th Cir. 1999); *Fadeyi v. Planned Parenthood Ass'n*, 160 F.3d 1048, 1052 (5th Cir. 1998).

Defendant attempts to distinguish *Perry* as relating to "a specific New Mexico law" and argues that this Court should instead follow United States District Judge R. Brooke Jackson's reasoning in *Solis v. Circle Group, LLC*, No. 16-cv-01329-RBJ, 2017 WL 1246487 (D. Colo. 2017). In *Solis*, Judge Jackson determined that plaintiffs failed to allege that they had a contractual relationship with a joint-employer so as to state a claim under 42 U.S.C. § 1981. 2017 WL 1246487, *3. The Court finds that *Solis* is inapposite because it arose in the joint-employment context and turned on a lack of factual allegations of a contractual relationship. In this case, however, it is undisputed that Plaintiff was an at-will employee with the city of Denver as a senior accountant for

approximately 13 years. The Court concludes that this is sufficient for Plaintiff to prove a contractual relationship to trigger the protections of 42 U.S.C. § 1981. *See Perry*, 199 F.3d at 1133 ("Perry's relationship with her employer consisted of Perry's rendition of services in exchange for her employer's payment of wages. Under New Mexico law, this is a contractual relationship.").

In sum, Defendant has not established that it is entitled to summary judgment. A vast majority of the material facts in this case are in dispute, with the parties painting entirely different pictures of the circumstances surrounding the alleged hostile work environment and Plaintiff's leave and termination. It will be up to the factfinder to decide which version to believe and to resolve the disputed issues presented in this case.

IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. # 36) is DENIED.

DATED:  September 12, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge